IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDY R. BACCAM,
No. 10647-041,

    Petitioner,

    vs.                                    Case No. 18-cv-1150-DRH

T.G. WERLICH,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. On December 23, 2002, as part of a plea agreement in the United States District Court for the District of Minnesota, Petitioner pled guilty to two counts: (1) possession with intent to distribute methamphetamine; and (2) possession of a firearm during a drug trafficking crime. On April 17, 2003, Petitioner was sentenced to 248 months' imprisonment.[1] According to the Petition, he was sentenced as a career-offender under the United States Sentencing Guidelines ("USSG") based on his two previous Minnesota convictions (a 2000 felony terroristic threat conviction in Nobles County District Court, Case No. KO-99-310 and a 2001 felony terroristic threat conviction in Nobles County District Court, Case No. K6-01-119), both of which were deemed crimes of

---

[1] The Court notes that Petitioner was sentenced before the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005).

1

violence. (Doc. 1). Petitioner argues that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been subject to the career-offender enhancement.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record before the Court,[2] it is not plainly apparent that Petitioner is not entitled to habeas relief.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered (on or before July 16, 2018) his preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service

---

[2] The Court notes that Petitioner's plea agreement appears to have included an appellate waiver. *See United States v. Baccam*, 414 F.3d 885, 886 (8th Cir. 2005). However, at this time, the Court is unable to review the exact language of the subject waiver. Accordingly, the Court will not, at this early stage, dismiss the Petition on the basis of the appellate waiver included in Petitioner's plea agreement.

upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.15 09:52:56
-05'00'

**United States District Judge**